# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIONNE OWENS | : |
| Plaintiff | : |
| v. | : 3:10-CV-862 |
| | : (JUDGE MARIANI) |
| WAL-MART STORES EAST, LP | : |
| Defendant | : |

## MEMORANDUM OPINION

### Introduction

Defendant filed two Motions in Limine with supporting briefs on September 25, 2012. (Docs. 50, 52). For the reasons that follow, the Court will grant Defendant's motion to limit Plaintiff's physician testimony to her treating records only. Plaintiff's physician(s) will not be permitted to opine about the cause of Plaintiff's injuries, except to the extent they are expressed unambiguously in Plaintiff's treatment records. Furthermore, Plaintiff will not be permitted to introduce lay opinion testimony regarding: her medical diagnoses, her medical prognoses, or the causation of her injuries.

At the outset, the Court notes that each party has failed to comply with the Local Rules. Defendant did not submit Certificates of Concurrence or Non-Concurrence with its Motions in Limine, as required by Local Rule 7.1. In turn, Plaintiff has not responded to either of Defendant's Motions in Limine as required by Local Rule 7.6, which states that any party opposing a motion must "file a brief in opposition within fourteen (14) days after

service of the movant's brief." Defendant's motions were filed on September 25, 2012, were accompanied by a Certificate of Service, and more than fourteen days have passed without a response from Plaintiff. "Any party who fails to comply with this rule shall be deemed not to oppose such motion." Id.

Because each side has failed to follow the Local Rules, the Court will address the merits of Defendant's motions and not deem them as unopposed by Plaintiff.

## Defendant's First Motion in Limine (Doc. 50)

According to the final case management order in this case pertaining to Plaintiff (Doc. 38), discovery was scheduled to close on November 1, 2011. Though Plaintiff's attorney indicated that he "inten[ded] to bring in [his] medical witnesses to testify live in this matter," (Letter dated February 14, 2012, Doc. 50, Ex. A), Defendant argues that Plaintiff never designated any experts or supplied Defendant with any expert reports as required by FED. R. CIV. P. 26(a)(2)(B). Plaintiff has not come forward with any evidence to dispute Defendant's contention.

As such, to the extent that Plaintiff calls any medical witnesses at trial, those witnesses will be "limited to facts gained in their treatment of [Owens]." *Allen v. Parkland Sch. Dist.*, 230 F. App'x 189, 194 (3d Cir. 2007) (citing *United States v. 68.94 Acres of Land*, 918 F.2d 389, 396 (3d Cir. 1990)). Plaintiff's physician(s) will not be permitted to opine about the cause of Plaintiff's injuries, except to the extent they are expressed unambiguously in Plaintiff's treatment records. Therefore, any medical doctors whom

Plaintiff may call will not be permitted to "put[] forward expert causation testimony based on facts that went beyond [their] treatment of [Owens]." *Id*.

## Defendant's Second Motion in Limine (Doc. 52)

Plaintiff allegedly sustained injuries from her slip-and-fall at Wal-Mart in April 2008 and seeks to show that Defendant's negligence was the proximate cause of her injuries.

> It goes without citation that as a part of a tort action the plaintiff must prove that the injury claimed to have been sustained and for which recovery is sought was caused by the tortious act or force of the tortfeasor. With regard to claims of physical injury or impairment, expert medical testimony is necessary to establish the causal nexus of the injury to the tortious conduct in those cases where the connection is not obvious. This is due to the complicated nature of the medical field which is beyond the knowledge of the average juror.

*Kovalev v. Sowell*, 839 A.2d 359, 368 (Pa. Super. Ct. 2003).

In *Kovalev*, the plaintiff (Kovalev) and defendant (Sowell) had been involved in an automobile accident from which Kovalev allegedly suffered "severe traumatic personal injuries to his spine in [the] form of multiple herniations of the vertebral disks, injury to his nerves and nervous system." *Id*. at 361. At trial, however, Kovalev, appearing *pro se*, was not permitted to call himself as an expert medical witness because, though a medical doctor, he was not trained in "orthopedics, radiology, neurology, or any medical subspecialty that would have been pertinent" to his case. *Id*. at 364. As such, only his treating physician could testify as an expert. Unfortunately, his treating physician did not appear as scheduled to testify. Because of the witness's non-appearance, Kovalev was unable to establish

3

proximate cause, and the trial court entered a compulsory nonsuit which the Superior Court affirmed. *Id.* at 368. In affirming, the Superior Court stated:

> In this case, the injuries alleged by Kovalev involved trauma to his spine, vertebral disks and nervous system. By their nature, such internal injuries would not be readily observable by a jury. More importantly, the connection between Sowell's arguably tortious conduct and Kovalev's claimed injuries would have been far from obvious. This is clearly a case where expert medical testimony was necessary to establish the requisite causal nexus.

*Id.*

The Complaint states that on April 28, 2008, Plaintiff slipped and fell at Defendant's Wal-Mart in Mt. Pocono, Pennsylvania, thereby suffering a "non-displaced fracture of the distal fibula; fractures of metatarsal bones in left foot; cervical sprain and strain; lumbar sprain and strain; wrist pain, damage to her nerves and nervous system, as well as various other ills and injuries." (Doc. 1, ¶¶ 8, 17). According to Plaintiff's answers to Defendant's interrogatories, "Plaintiff had a prior slip and fall accident occurring in September of 2006 in which she sustained injury to her back." (Doc. 35, Ex. A, ¶ 12(A)). Medical records also show that following her second slip-and-fall in 2008, Plaintiff was involved in a car accident on October 8, 2009. (Doc. 35, Ex. C). When she sought medical treatment on October 23, 2009, she described her pain as "Lower back / Bad." (*Id.*). She also checked off various symptoms on a prepared list, including lower back pain, back pain, back stiffness, leg pain, arms/shoulder pain, numb hands/fingers, neck pain, and neck stiffness. (*Id.*). Plaintiff specified that her leg pain extended all the way through her left leg, and in the medical

4

history of her general pain questionnaire, she indicated that she had injured her left leg in the April 2008 slip-and-fall accident. (*Id.*).

Based on Plaintiff's history of multiple injuries to her back and her lower extremities, the Court concludes that expert medical testimony is necessary at trial to establish causation between her April 2008 slip-and-fall and her allegedly resulting injuries. "By their nature, such internal injuries would not be readily observable by a jury. More importantly, the connection between [Wal-Mart's] arguably tortious conduct and [Owens's] claimed injuries would have been far from obvious," thereby necessitating the submission of expert evidence. *See Kovalev*, 839 A.2d at 368.

## Conclusion

For the foregoing reasons, the Court will grant both of Defendant's Motions in Limine. In summary, Plaintiff's physician(s) will not be permitted to opine about the cause of Plaintiff's injuries, except to the extent they are expressed unambiguously in Plaintiff's treatment records. Furthermore, Plaintiff will not be permitted to introduce lay opinion testimony regarding: her medical diagnoses, her medical prognoses, or the causation of her injuries. A separate Order follows.

Robert D. Mariani
United States District Judge